# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| LEIF ERIC THOMAS, | Case No. 3:17-cr-00051-SLG |
| Defendant. | |

**ORDER REGARDING SECOND MOTION FOR COMPASSIONATE RELEASE**

Before the Court at Docket 91 is defendant Leif Eric Thomas' Renewed Motion for Compassionate Release. The government filed a response in opposition at Docket 93.

On September 20, 2019, this Court sentenced Mr. Thomas to 84 months of incarceration after he pleaded guilty to one count of Felon in Possession of a Firearm.[1] Mr. Thomas is currently in Bureau of Prisons (BOP) custody and incarcerated at FCI Sheridan in Oregon; his projected release date is November 27, 2023.[2] In November 2020, Mr. Thomas filed a motion for compassionate release, which the Court denied.[3] Mr. Thomas has now filed a second motion for

---

[1] Docket 71.

[2] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed August 31, 2021).

[3] Docket 80.

compassionate release in which he seeks an order reducing his sentence by six months, which would move his release date forward to approximately May 27, 2023.[4] The government responds the "motion should be denied because Thomas has declined a vaccination against COVID-19, and he continues to present a danger to the community."[5]

**I.     Applicable law**

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[6] If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. On the merits, a court must find that "extraordinary and compelling reasons warrant" a sentence reduction and that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction.[7] The Sentencing Commission's policy statement at U.S.S.G. § 1B1.13 is not binding on a district court considering a compassionate release motion filed by a defendant, but that policy statement "may inform a district court's discretion."[8]

---

[4] Docket 91 at 1.

[5] Docket 93 at 1 (under seal).

[6] First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194. Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[7] 18 U.S.C. § 3582(c).

[8] *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Case Nos. 3:17-cr-00051-SLG, *United States v. Thomas*
Order Re Second Motion for Compassionate Release
Page 2 of 7
Case 3:17-cr-00051-SLG   Document 94   Filed 09/01/21   Page 2 of 7

## II. Exhaustion of administrative rights

An inmate has exhausted his administrative rights if the warden of the inmate's facility has denied the inmate's request for compassionate release or if 30 days have lapsed from the warden's receipt of the request for compassionate release.[9] Mr. Thomas made a renewed request for compassionate release from the Sheridan FCI warden in July 2021, and the warden has not responded to his request.[10] The government agrees that Mr. Thomas has exhausted his administrative remedies.[11] The Court will consider the motion on its merits.

## III. Extraordinary and compelling reasons

Mr. Thomas submits that his health risks from Hepatitis C, "combined with the extraordinary conditions of confinement under Covid, favor a reduction in sentence."[12] Specifically, Mr. Thomas asserts that "Covid has made prison more punitive than intended because every attempt to control the virus in the crowded world of prisons has led to isolation, denial of recreation and programming, and denial of visits and even phone calls."[13] The government responds that Mr. Thomas has not shown extraordinary and compelling medical reasons for a sentence reduction because, since his previous compassionate release motion,

---

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] Docket 92 at 7–8.

[11] Docket 93 at 3 (under seal).

[12] Docket 91 at 6.

[13] Docket 91 at 4.

he has been seen by medical staff regarding his Hepatitis C and has declined the COVID-19 vaccine.[14] The government also responds that the lock-down BOP "conditions, while unfortunate, are present for all BOP inmates and therefore do not justify extraordinary relief."[15]

Mr. Thomas has not shown extraordinary and compelling reasons to reduce his sentence at this time. First, Mr. Thomas has submitted no medical records to support his assertion that he is at an increased risk of COVID-19 due to his Hepatitis C diagnosis. Although Mr. Thomas' medical records confirm this diagnosis, they also show that Mr. Thomas was seen by BOP medical staff in late April 2021, that he has had additional blood testing ordered, and that he is scheduled for possible Hepatitis C treatment in October.[16] Notably, after declining the vaccine in April 2021, Mr. Thomas tested positive for COVID-19 in August 2021 but was asymptomatic.[17] His asymptomatic course of COVID-19 refutes his assertion that he is particularly susceptible to the virus. Moreover, Mr. Thomas has shown no link between his medical condition and his request for relief: He makes no assertion that in May 2023 (his requested release date) the BOP will not be providing him adequate medical care for his Hepatitis C or that COVID-19 will

---

[14] Docket 93 at 4, 13, 19 (under seal).

[15] Docket 93 at 19 (under seal).

[16] Docket 93-3 at 5–6, 45 (under seal).

[17] Docket 93-3 at 32, 33, 42 (under seal).

Case Nos. 3:17-cr-00051-SLG, *United States v. Thomas*
Order Re Second Motion for Compassionate Release
Page 4 of 7
Case 3:17-cr-00051-SLG   Document 94   Filed 09/01/21   Page 4 of 7

still present a risk to him. Although the Court is not bound by the Sentencing Commission's policy statement at U.S.S.G. § 1B1.13, that policy statement "may inform a district court's discretion."[18] The policy statement suggests that medical compassionate release is appropriate only for those inmates who need immediate release due to serious medical issues.[19] Mr. Thomas' request to be released nearly 21 months from now does not suggest the medical urgency needed to support compassionate release, nor does it support his claim that he is at a high risk from COVID-19.

Second, every BOP inmate—and in fact nearly every incarcerated person—has experienced limitations on their ability to communicate, exercise, gain an education, and receive job skills training during the COVID-19 pandemic. Conditions that are shared by nearly every inmate in the country are not "extraordinary and compelling," and the restrictions Mr. Thomas is subject to are in no way unique to him.[20] The cases cited by Mr. Thomas do not support his

---

[18] *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

[19] *See* U.S.S.G. § 1B1.13, Application Note 1 (describing medical conditions that may justify reduction in sentence as terminal illness or condition that substantially diminishes ability to self-care from which inmate is "not expected to recover").

[20] *See, e.g.*, *United States v. Suryan*, Case No. 2:19-cr-00082-RAJ, 2021 WL 3510423, at *3 (W.D. Wash. Aug. 10, 2021) (BOP lockdown "conditions, while challenging, do not present an extraordinary and compelling reason to warrant his early release."); *United States v. Becerra*, Case No. 17cr1465-LAB, 2021 WL 461699, at *2 (S.D. Cal. Feb. 8, 2021) ("The inconvenience caused by extended lockdown is not an 'extraordinary and compelling reason.'"); *United States v. Lord*, Case No. 14-cr-101-JD, 2020 WL 6875141, at *3 (D. N.H. Nov. 23, 2020) ("The conditions of confinement that Lord describes are not unique to him and instead have been imposed generally for the safety of inmates and staff because of the pandemic.").

Case Nos. 3:17-cr-00051-SLG, *United States v. Thomas*
Order Re Second Motion for Compassionate Release
Page 5 of 7
Case 3:17-cr-00051-SLG   Document 94   Filed 09/01/21   Page 5 of 7

position, because in each of those cases the finding of extraordinary and compelling reasons was based on a combination of unique health risks and conditions of confinement—here, Mr. Thomas has not shown that he has any qualifying medical conditions. The Court agrees with District Judge Foote when she

> stresses that the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.[21]

In sum, Mr. Thomas has not shown extraordinary and compelling reasons to warrant a six month reduction in his sentence.

## IV. Section 3553(a) factors

Because Mr. Thomas has not made a threshold showing of an extraordinary and compelling reason for a reduction in sentence, the Court need not reconsider whether the § 3553(a) factors weigh in his favor.[22]

---

[21] *United States v. Koons*, 455 F. Supp. 3d 285, 290–91 (W.D. La. 2020) (footnote omitted).

[22] "Although a district court must perform [the § 3582(c)(1)(A)] sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step." *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (emphases in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

Case Nos. 3:17-cr-00051-SLG, *United States v. Thomas*
Order Re Second Motion for Compassionate Release
Page 6 of 7
Case 3:17-cr-00051-SLG   Document 94   Filed 09/01/21   Page 6 of 7

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 91 is DENIED.

DATED this 1st day of September, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case Nos. 3:17-cr-00051-SLG, *United States v. Thomas*
Order Re Second Motion for Compassionate Release
Page 7 of 7
Case 3:17-cr-00051-SLG   Document 94   Filed 09/01/21   Page 7 of 7